UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CHARLES DENIS EAGAN,       )
                                    )
      Petitioner,        )    Civil Action No. 2:16-CV-155-WOB
                                    )
v.                          )
                                    )
TERRY CARL,           )    **MEMORANDUM OPINION**
                                  )      **AND ORDER**
      Respondent.   )
                                    )

**** **** **** ****

Inmate Charles Denis Eagan is a pretrial detainee confined in the Kenton County Detention Center ("KCDC") located in Covington, Kentucky. Proceeding without counsel, Eagan has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1], in which he challenges various rulings made in his pending state court criminal proceeding, and seeks release from custody. By separate Order, Eagan has been granted *in forma pauperis* status in this § 2241 habeas proceeding.

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court should deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Eagan is not represented by an attorney, the Court evaluates his petition under a more lenient standard, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), *overruled on*

1

*other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007), and at this stage, accepts Eagan's factual allegations as true and liberally construes his legal claims in his favor.  But as explained below, this Court must abstain from interfering with either the Kentucky state court's order denying Eagan's motion to dismiss the state court indictment, or other procedural events incident to Eagan's pending state court criminal proceeding. Accordingly, the Court will deny Eagan's § 2241 petition and dismiss this proceeding.

## ALLEGATIONS OF THE § 22241 PETITION

In June 2015, an indictment was returned in the Kenton County Circuit Court, charging that between July 8, 2014, and October 1, 2014, Eagan committed the felony offense of failure to comply with the sex offender registration requirement set forth in KRS 17.510 or prior law, which dictates the registration system for adults who have committed sex crimes or crimes against minors.  *Commonwealth vs. Charles Dennis Eagan*, No. 15-CR-490 (Hon. Gregory M. Bartlett, presiding) ("the State Court Criminal Proceeding").[1]  The Indictment alleges that Eagan knowingly provided false, misleading, or incomplete information in violation of KRS 17.510.   On October 22, 2015, a Superceding Indictment was returned against Eagan which set forth the same underlying charge, but added that Eagan's failure to comply with the sex offender registration requirement was a second or greater offense, and that Eagan provided false, misleading, or incomplete information "after previously being convicted of a qualifying offense, in violation of KRS 17.510…."

---

[1]  In this § 2241 proceeding, Eagan spells his middle name "Denis," but the Kenton County Circuit Court spells his middle name "Dennis."  [Kenton Circuit Court Docket Sheet, p. 1 of 7]

The publically available docket sheet of that action reveals that as of Wednesday, October 19, 2016, the State Court Criminal Proceeding is currently pending in the Kenton County Circuit Court; that Eagan is being represented by a public advocate who filed a motion to dismiss the charges in the Superceding Indictment in May 2016;[2] that a pretrial conference is scheduled for Monday, November 7, 2016; and that a jury trial is scheduled for Tuesday, November 29, 2016.

## ALLEGATIONS OF THE § 2241 PETITION

Eagan alleges that on August 11, 2016, the Kenton Circuit Court erred by denying the motion to dismiss the indictment, arguing that judge in his prior criminal proceeding (which Eagan indicates transpired in 1995) did not inform him that he would be required to register as sex offender, and that such a requirement was not "…within the scope of the plea-agreement (contract) and the judge did not order me to register within his final adjudication." [R. 1, pp. 3-4, § 7(a)(6)] Broadly construing this allegation, Eagan appears to be claiming that he has been denied due process of law in  the State Court Criminal Proceeding, in violation of his rights guaranteed by the Fourteenth Amendment of the U.S. Constitution.

Eagan's next set of allegations, concerning alleged actions or inactions by his appointed counsel in the State Court Criminal Proceeding, are rambling and confusing. Eagan appears to allege that his appointed counsel refused to file a "habeas" on his behalf after the Kenton County Circuit Court denied his motion to dismiss, but he then

---

[2] Another motion to dismiss the indictment is listed as having been filed the State Court Criminal Proceeding on July 1, 2016.  The docket sheet summarizes the grounds for that motion as "…Def. should not be req. to register-or-in the altern, charge should be misdemeanor and registration should be limited to 10 year period." [Kenton Circuit Court Docket Sheet, p. 5 of 7]

states that his counsel "…explained to me that this was the appropriate action after the Circuit judge denied motion to dismiss the current indictment."  [*Id.* p. 4]  Later, Eagan states, "Attorneys said filing federal habeas was my only avenue of relief until appeal if and after convicted."  [*Id.*, § 8(b)]  Eagan further alleges that his counsel refused to help him "…with any motions until I wrote those motions…;" that his counsel refused to file specific motions which he requested be filed on his behalf, and instead filed other motions in the State Court Criminal Proceeding which he did not ask or instruct to be filed on his behalf; and that he "…was lucky to get this form to fill out."  [*Id.*, p. 6, § 10(c)] Broadly construing these allegations, Eagan appears to be claiming that he has been denied effective assistance of counsel in the State Court Criminal Proceeding, in violation of his rights under the Sixth Amendment of the U.S. Constitution.

Eagan used a standardized, pre-printed form typically used by federal prisoners filing a motion to vacate their conviction or sentence under 28 U.S.C. § 2255, the statue under which a defendant convicted of a crime in federal court can collaterally challenge his or her federal conviction and sentence, either after the direct appeal process has concluded, or their conviction has become final absent an appeal.  In the section of the pre-printed form which asks the petitioner to explain why his remedy under 28 U.S.C. § 2255 is "…inadequate or ineffective to challenge your conviction or sentence," Eagan admits that he does not understand what "28 U.S.C. § 2255" is or means.  [*Id.*, p. 6, § 10(c)]  Eagan steadfastly asserts that he is not, and has never been, under any judicial order to register as a sex offender upon his release from his prior sentence, because the obligation was not set forth in his prior 1995 criminal judgment.  [*Id.*, p. 8-9, § 13]

Eagan further contends that his 1995 conviction was illegally obtained and should be declared as void, and that the charge that he violated his duty to register as a sex offender is the result of an *ex post facto* law which does not apply to him.  Eagan also claims that the Kenton County Circuit Court lacks jurisdiction over the State Court Criminal Proceeding, and that the proper venue for the criminal charge filed against him is the Kenton County District Court.  [*Id.*]  Finally, Eagan alleges that prosecutorial misconduct occurred when the Commonwealth waited almost 10 months to issue a warrant for him after the initial complaint was filed, and that his appointed counsel failed to secure critical evidence and unreasonably delayed in seeking discovery materials. [*Id.*, p. 9, §§ 13-14]

Eagan asks this Court to "strike down" the indictment in the State Court Criminal Proceeding; to order the Kenton County Circuit Court to release him from custody; and to declare that he is not required to register as a sex offender.  [*Id.*, § 15]  Alternatively, Eagan asks this Court to remand the State Court Criminal Proceeding to the Kenton County District Court, and to order an investigation into the Commonwealth Attorney's "…handling of this issue and the role the Kenton County D.P.A. has played in further violation of my civil rights."  [*Id.*]

## DISCUSSION

Generally, parallel state court proceedings do not prevent a federal court from exercising its jurisdiction to hear and decide a case.  *Sprint Commc'ns, Inc. v. Jacobs*, 134 S.Ct. 584, 588 (2013).  In certain "exceptional" situations, though, a federal court must abstain from interfering with pending state court actions.  *Id.*; *see also New*

*Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989). The doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), bars federal courts from interfering in a state court proceeding that (1) is ongoing, (2) involves an important state interest, and (3) provides adequate opportunity to raise a constitutional challenge. *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008). When the state court proceeding satisfies all three *Younger* requirements, the federal court should dismiss the case, and courts are free to do so even before addressing jurisdiction or proceeding to the merits. *See Tenet v. Doe*, 544 U.S. 1, 6 n. 4 (2005) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)).

And when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong. *Younger*, 401 U.S. at 43. That policy applies "in full force" as soon as the "state criminal proceedings [have] begun." *Hicks v. Miranda*, 422 U.S. 332, 349 (1975) (holding that *Younger* applied as soon as charges were brought in state court, even though the federal case was already pending). In short, "*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings"--even when the interference would not actually halt the prosecution altogether. *Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980).

*Younger* mandates dismissal of Eagan's § 2241 petition in which he challenges interlocutory rulings made by the Kenton County Circuit Court in the State Court Criminal Proceeding; the alleged conduct of the Commonwealth's Attorney in the State Court Criminal Proceeding; and the alleged actions of his court appointed counsel, and in which he seeks an order dismissing the indictment against him and releasing him

from custody.  Without question, the State Court Criminal proceeding has "begun" and is ongoing, and the Sixth Circuit has held that *Younger* bars "even minimal interference with ... a state proceeding."  *J.P. v. DeSanti*, 653 F.2d 1080, 1084 (6th Cir. 1981).

Further, to the extent that Eagan challenges the adequacy of his counsel, he is free to file a motion in the State Court Criminal Proceeding asserting that constitutional claim, and his other constitutional challenges, on direct appeal in the Kentucky appellate courts if he is ultimately convicted.  *See also Habich v. City of Dearborn*, 331 F.3d 524, 531 (6th Cir. 2003) (explaining that the critical question is whether the issue raised is collateral to the principal state proceeding, or, framed a different way, whether the federal plaintiffs have an opportunity to raise their claim in state proceedings." (internal citations and quotations omitted)); *Morano v. Dillon*, 746 F.2d 942, 945 (2d Cir. 1984) (holding that *Younger* bars a federal court from interfering in a state court's decision to deny a criminal defendant a preliminary hearing because the defendant was able to raise his constitutional claims in the criminal proceedings at hand).

In his § 2241 petition, Eagan essentially asks this Court to inject itself into the State Court Criminal Proceeding and order the dismissal of the criminal charges against him, but the *Younger* abstention doctrine prevents a federal court from meddling in the procedures of a state court criminal proceeding.  Such action by this Court would "…unduly impede the state's ability to regulate and monitor the activities of pre-trial criminal defendants effectively and efficiently."  *Watson v. Kentucky*, No. 7:15-CV-21-

ART, 2015 WL 4080062, at *3 (E. D. Ky. Jul 6, 2015)[3] (citing *Wallace v. Kern*, 520 F.2d 400, 405 (2d. Cir. 1975); *see also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982) ("It would trivialize the principles of comity and federalism if federal courts failed to take into account that an adequate state forum for all relevant issues has clearly been demonstrated to be available prior to any proceedings on the merits in federal court.").

In other recent cases filed by state court pretrial detainees who sought federal interference in, or micromanagement of, various aspects of their pending state court criminal cases, this Court has abstained from meddling in their state court criminal actions, and has denied their complaints and/or petitions seeking such relief. *See, e.g., Adkins v. Burchett*, No. 0:15-CV-75-HRW, 2015 WL 5945647, at *3 (E. D. Ky. Oct. 13, 2015) (declining to interfere with bail amount established in plaintiff's state court criminal proceeding, based on *Younger* abstention principles); *Howard v. Hammons*, No. 16-CV-95-DCR (E.D. Ky. Jun. 27, 2016) (denying § 2241 petition, filed by state court pretrial detainee, challenging rulings made in his state court criminal proceeding, based on the *Younger* abstention doctrine) [R. 5; R. 6, therein]; *Caldwell v. USA*, No. 6:14-CV-225-KKC (E.D. Ky. Nov. 23, 2015) [R. 11;12, therein] (dismissing prisoner's mandamus petition and abstaining from meddling in various aspects of Caldwell's pending criminal case in the Kentucky circuit court based on *Younger*); *Amar Gueye v. Magistrate Jeremy Richards*, N0. 2:15-CV-178-DLB, 2015 WL 6395009, at **4-5 (E.D. Ky. Oct. 21,

---

[3] In *Watson*, this Court explained, "Federal court intervention here would create a completely unworkable system where state court defendants could run to federal court every time they wanted to argue that bond conditions violated a constitutional or statutory right--claims they are perfectly capable of raising and having adjudicated in state court." *Id.* at *3.

8

2015) (dismissing, on *Younger* abstention grounds, Gueye's 42 U.S.C. § 1983 civil rights complaint in which he asked this Court to interfere with the procedural or discovery processes in his pending Kentucky  criminal case); *aff'd*, *Amar Gueye v. Magistrate Jeremy Richards*, No. 15-6325, p. 3 (6th Cir. Oct. 4, 2016) ("The district court properly dismissed without prejudice Gueye's § 1983 claims against the Boone County District Court judges, the Boone County District Court, Boyer, and the Boone County prosecutor's Office, because the district court was precluded from interfering with pending Kentucky proceedings pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).").

*Younger* abstention is not a question of jurisdiction, but is rather based on "strong policies counseling against the exercise of such jurisdiction."  *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626, 106 S. Ct. 2718, 91 L.Ed.2d 512 (1986). That logic clearly applies in this case: if this Court were to entertain Eagan's habeas petition and the grant him the relief which he seeks, it would be impermissibly interfering with the State Court Criminal Proceeding, specifically, the Order denying the motion to dismiss the indictment which was entered therein on August 11, 2016.  This Court declines to take that step.  *See Carroll v. City of Mount Clemons*, 139 F.3d 1072, 1074-75 (6th Cir. 1998) ("When a person is the target of an ongoing state action involving important state interests, a party cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case."); *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006); *see also Squire*

9

*v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006); *Sun Refining & Mktg. Co. v. Brennan*, 921 F.2d 635, 68-42 (6th Cir. 1990).

Abstention is thus appropriate in this case with respect to Eagan's claims seeking mandamus/injunctive relief. *See Carroll*, 139 F.3d at 1075 (holding that *Younger* abstention may be applied where the plaintiff seeks both declaratory relief and damages). Further, a district court deciding to abstain under *Younger* has the option of either dismissing the case without prejudice. Here, dismissal without prejudice is appropriate, as Eagan may properly assert any constitutional claims or challenges after his criminal proceeding has concluded, and after he has exhausted his state court remedies, via direct appeal and/or by way of collateral challenge under the applicable Kentucky Rules of Criminal Procedure.

Finally, even assuming Eagan could demonstrate that he is procedurally eligible for § 2241 relief (which he cannot demonstrate at this time), his petition lacks the required allegations which would entitle him to relief under § 2241. There are only two generally recognized claims available to state pretrial detainees in a § 2241 habeas corpus proceeding—denial of the right to a speedy trial and double jeopardy-based allegations. *See*, *e.g.*, *Lowe v. Prindle*, No. 2:14-104-KKC, 2014 WL3695386, at *3-4 (E.D. Ky. July 24, 2014) (holding that petitions for state court pretrial habeas relief are typically denied) The Sixth Circuit has explained that while "a pretrial detainee may petition for habeas relief, [ ] such claims are extraordinary." *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014). This is because "if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures

10

available to the petitioner," a federal court should abstain from exercising its habeas jurisdiction under § 2241 until after the petitioner exhausts his available state court remedies by giving state courts the first opportunity to adjudicate his challenges to the propriety of the prosecution. *Atkins v. Michigan*, 644 F.2d 543, 546 n. 1 (6th Cir.1981); *Gully v. Kunzman*, 592 F.2d 283, 286 (6th Cir. 1979) (acknowledging federal courts' authority to consider a habeas corpus petition before a judgment of conviction is entered, but noting that "considerations of federalism counsel strongly against exercising the power except in the most extraordinary circumstances").

Under the first exception applicable to state pretrial detainees, a claim that the state prosecution violates the Double Jeopardy Clause may be considered notwithstanding the abstention principles set forth in *Younger*. Under the second applicable exception, a claim that petitioner's right to a speedy trial is being violated may be considered, but only if: (1) the petitioner has exhausted his state court remedies, and (2) the petitioner requests an order compelling the state to grant him a speedy trial, rather than seeks dismissal of the state charges against him. *See Lowe*, 2014 WL 3695386, at *4; *Cf. Humphrey v. Plummer*, 840 F.Supp.2d 1040, 1043 (S.D. Ohio 2011); *Smith v. Hall*, No. 3:12-CV-1022, 2013 WL 587479, at * 2 n. 2 (M.D. Tenn. Feb. 13, 2013). Because this Court does not construe Eagan's § 2241 petition as cognizably raising either such claim, Eagan is not entitled to habeas relief under 28 U.S.C. § 2241.

## CONCLUSION

Based upon the *Younger* abstention doctrine and above authority, it is hereby **ORDERED** as follows:

(1)   The 28 U.S.C. § 2241 petition for a writ of habeas corpus filed by Petitioner Charles Denis Eagan [R. 1] is **DENIED**.

(2)   This proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This October 27, 2016.



Signed By:

*William O. Bertelsman* WOB

United States District Judge